UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR GABRIEL ARBE VILCHEZ,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; DAVID WESTLING, Field Office Director; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondents. | Civil Action No. 1:26-cv-10571-IT |

MEMORANDUM & ORDER

February 11, 2026

TALWANI, D.J.

Petitioner Victor Gabriel Arbe Vilchez, a native and citizen of Peru, entered the United States without inspection in April 2023. Pet. ¶¶ 2, 6, 20 [Doc. No. 1]. Petitioner asserts that he "is currently seeking asylum and related relief before the Executive Office of Immigration Review" on the basis of his "persecution on account of political opinion and membership in particular social groups related to his service as a police officer and [Peru]'s treatment of neurodivergent individuals and their families."[1] Id. ¶ 2.

---

[1] Petitioner and his spouse have two children, one of whom "is autistic." Id.

U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner in Burlington, Massachusetts, on February 4, 2026. Id. ¶ 20. Petitioner states that, "[p]rior to apprehending [him], the [U.S. Department of Homeland Security ("DHS")] had placed him in removal proceedings pursuant to 8 U.S.C. § 1229a." Id. ¶ 7. He is presently housed at the Plymouth County Correctional Center in Plymouth, Massachusetts, and reports that ICE has "not set bond, stating that the current policy required that he be detained." Id. ¶ 20.

In his Petition for Writ of Habeas Corpus [Doc. No. 1], Petitioner seeks release from custody or, in the alternative, a custody redetermination hearing (a "bond hearing") pursuant to 8 U.S.C. § 1226(a). Id. at ECF 9. As grounds therefor, Petitioner argues that he is a member of the "the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.)" [2] and "the certified class in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS (D. Mass.)[.]" Id. ¶ 1; see id. ¶¶ 26–31. As such, Petitioner states that he is entitled to "consideration for release on bond and/or conditions under 8 U.S.C. § 1226(a)." Id. ¶ 27. He further asserts that

> [i]mmigration judges have informed class members in bond hearings that they have been instructed by 'leadership' that the declaratory judgments in Maldonado Bautista and Guerrero Orellana are not controlling, even with respect to class members, and that instead IJs remain bound to follow the agency's prior decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025).

Id. ¶ 10.

---

[2] The court understands Petitioner to be referencing the class certification, grant of partial summary judgment, and final judgment entered in Bautista v. Santacruz, --- F. Supp. 3d ----, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

In their Response [Doc. No. 7],³ Respondents "submit that the legal issues presented in this Petition are similar to those recently addressed by this Court in Doe v. Moniz[, No. 25-cv-12094-IT, 2025 WL 2576819 (D. Mass. Sept. 5, 2025)]." Id. at 1 (footnote omitted). Respondents therefore acknowledge that "[s]hould the Court follow its reasoning in Doe, it would reach the same result here." Id.

The court finds that the reasoning in Doe remains correct. As to Petitioner's assertion that he is a member of the aforementioned classes certified by a judge in the U.S. District Court for the Central District of California and by a judge in this District, respectively, the court takes judicial notice of both cases. Respondents do not contest Petitioner's membership in either class, and the facts alleged by Petitioner indicate that he falls within both classes' purview. See Pet. ¶ 6 [Doc. No. 1] (asserting, inter alia, that Petitioner was not apprehended upon entering the United States, has not been paroled into the country under 8 U.S.C. § 1182(d)(5)(A), is not subject to an expedited removal order under 8 U.S.C. § 1225(b)(1), "is not currently in proceedings before an immigration judge due to having been found to have a credible fear of persecution under 8 U.S.C. § 1225(b)(12)(B)(ii)[,]" and is not detained pursuant to 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231); Guerrero Orellana v. Moniz, --- F. Supp. 3d ----, No. 25-cv-12664-PBS, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025) (defining a class that is "not subject to detention under 8 U.S.C. § 1225(b)(2)"); Bautista, 2025 WL 3713987, at *32 (setting forth the definition of the "Bond Eligible Class").

In the first case, a final judgment granting a declaratory judgment has entered, under which class members "are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by

---

³ The court grants Respondents' request that the court treat the Response [Doc. No. 7] as timely filed. See id. at 1 n.1.

immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Maldonado Bautista, 2025 WL 3678485, at *1. In the second case, partial final judgment has entered, declaring that class members "are subject to detention under 8 U.S.C. § 1226(a)," rather than under 8 U.S.C. § 1225(b)(2), and are therefore entitled to "access to consideration for release on bond and/or conditions before immigration officers and Immigration Judges." Guerrero Orellana, 2025 WL 3687757, at *10. "The declarations issued by these courts are binding on Respondents." Moura v. Moniz, No. 1:25-cv-14011-IT, 2026 WL 177862, at *2 (D. Mass. Jan. 22, 2026).

Accordingly, in light of this court's decision in Doe, and consistent with the declaratory judgments ordered by two other courts, the Petition [Doc. No. 1] is GRANTED as follows: No later than February 18, 2026, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention. Respondents shall submit a status report on this matter no later than February 23, 2026.

    IT IS SO ORDERED.

February 11, 2026                                             /s/ Indira Talwani
                                                                     United States District Judge